**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5211**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

MAURICIO MICHEL,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:07-cr-00111-IMK-JSK-1)

Submitted:  February 11, 2011          Decided:  May 27, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauricio Michel appeals from his convictions and resulting 240-month sentence for assaulting a Bureau of Prisons' (BOP) employee using a dangerous weapon, maiming a BOP employee, forcibly resisting BOP employees using a dangerous weapon, assaulting a West Virginia Corrections Officer inflicting bodily injury, and forcibly resisting employees of West Virginia inflicting bodily injury, in violation of 18 U.S.C. §§ 111(a),(b), 114 (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issues of whether the district court properly denied Michel's motions to suppress a shank and incriminating statements he made to two investigating agents, whether the district court erred in denying Michel's discovery request for the BOP Policies and Procedures on the Collection of Evidence in Connection with Prison Assaults, whether the district court erred in requiring him to wear humane leg restraints, and whether his sentence is reasonable. Michel did not file a pro se supplemental brief. The Government filed a reply brief. Finding no error, we affirm.

Mauricio Michel was a prisoner at United States Penitentiary Hazelton serving a 235-month sentence for a 2003

conviction for being a felon in possession of a firearm.[1] On August 31, 2007, he was involved in an altercation with a BOP corrections officer, Jeremy Sparks. The state corrections officer charges stemmed from a March 19, 2009, incident at a local jail in West Virginia where Michel was being held pending charges on his original indictment. After a three-day jury trial, Michel was found guilty on all seven counts. Michel was deemed a career offender and was granted a downward variance sentence of 240 months on each count, to be served concurrently.

We first address Michel's motions to suppress the shank recovered at the scene of the assault and incriminating statements he made to investigating agents. We conclude that the district court did not err in denying Michel's motion to suppress the shank. This court reviews the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

---

[1] This conviction was later vacated.

Michel made an oral motion at the final pretrial conference on August 11, 2009, to suppress the shank retrieved at the scene of the assault. He argued that there was no physical evidence of fingerprints or DNA evidence linking him to the object. The court held that the Government would be required to show chain of custody, but that whether the object was a shank used by Michel was a question reserved for the jury.

The district court did not err in denying the motion. "The factual determination of whether evidence is that which the proponent claims is ultimately reserved for the jury." United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009) (citing United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992)). The district court assesses whether the proponent has offered a proper foundation from which "the jury could reasonably find that the evidence is authentic." Vidacak, 553 F.3d at 349; see also Branch, 970 F.2d at 1371. Here, the item was recovered at the scene of the assault and was placed in an evidence locker. Michel was able to present evidence that neither his fingerprints nor Sparks' DNA was found on the shank. The question of whether the shank admitted was used by Michel during the assault was a question reserved for the jury. Therefore, the district court did not err in denying the motion.

Michel moved to suppress the incriminating statements he made to Agents Watson and Antonelli following the incident at

4

USP Hazelton.  He argued that the agents threatened him and did not give him Miranda[2] warnings.  A suppression hearing was held before a magistrate judge.  At the evidentiary hearing, both agents testified that Agent Watson read Michel his rights from a card Watson had in his wallet and obtained a verbal waiver before taking Michel's statement or permitting Michel to continue to speak.  Agent Watson testified that Michel was very agitated speaking about the incident, but did not appear injured.  After Watson read the rights to Michel, according to Watson and Antonelli, Michel stated that he understood his rights.  Both agents testified that no one threatened or coerced Michel to make a statement.  After making several statements, Michel said that he did not wish to speak any longer, and the questioning ceased.

Michel alleged that he did not receive Miranda warnings until after he gave his statements and that the agents told him that, if he did not talk, they would "bury him" and "get him for everything."  Michel alleged that the agents told him that, if he did talk, he would not be charged with a crime.

The district court adopted the recommendation of the magistrate judge and denied the motion to suppress.  The district court rejected Michel's claims and found that each of

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

the agents' testimony corroborated the other's, that the warnings were given, and that Michel was not involuntarily coerced into giving the statements. Additionally, the court found that Watson's question "what's up?" upon initially meeting Michel was an icebreaker question and not meant to elicit an incriminating response, in part because, as soon as Michel replied, Watson stopped any discussion and read Michel his Miranda rights.

This court defers to the district court's credibility determinations, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted). When a motion to suppress has been denied by the district court, this court construes the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008).

We conclude that the district court did not err in determining that Michel timely and fairly received his Miranda rights, that Michel acknowledged that he understood them, and that Michel continued to talk. The district court made a credibility finding that the agents' statements were more credible than Michel's and that each agent had similar testimony that corroborated the other's testimony. The district court's

6

credibility findings should not be disturbed. Construing the evidence in the light most favorable to the Government, the court did not err in denying the motion to suppress the statements.

Michel also contends the district court erred in denying his request for discovery, after granting the Government's motion for reconsideration, of the BOP's policies and procedures pertaining to the collection of evidence in connection with prison assaults. The Government moved to reconsider the original order granting the motion and the court conducted an in camera inspection of the policies and procedures. The BOP policies and procedures are not public documents. The district court held that Michel failed to show that the discovery was material to his defense. An error of law, such as the failure to mandate disclosure to the defense of evidence or information essential to the conduct of a fair trial, is by definition an abuse of discretion. See United States v. Singh, 518 F.3d 236, 251 (4th Cir. 2008) ("By definition, a district court abuses its discretion when it makes an error of law."). Because Michel did not provide details with respect to why the documents would be material to the preparation of his defense, we conclude that the district court did not abuse its discretion. See id.

Prior to trial, the Marshals Service requested that Michel be placed in a device known as the humane leg restraint. The device allows the wearer to move freely. It is worn on the legs underneath clothing and is not noticeable. The district court granted the Marshals Service's request to place Michel in humane leg restraints. The district court reasoned that the leg restraints were not intrusive, that Michel had an admitted history of violence and "eruptions," and that trying a case, as he was proceeding pro se, was a particularly stressful situation.

This court reviews the district court's decision to place a defendant in restraints during trial for an abuse of discretion. United States v. Midgett, 488 F.3d 288, 298 (4th Cir. 2007). The district court must "balance the 'accused's right to the indicia of innocence before the jury' against 'the competing rights of participants in the courtroom and society at large.'" Id. (quoting Billups v. Garrison, 718 F.3d 665, 668 (4th Cir. 1983). It was not an abuse of discretion for the court to agree to place Michel in the humane leg restraints. The court properly relied on the judgment of the Marshals Service, considered Michel's history of violence, and avoided

prejudice to Michel by the restraints being concealed from the jury.[3] Therefore, there the court did not err.

Finally, counsel questioned whether Michel's sentence was reasonable. A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Gall, 552 U.S. at 41. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

At sentencing, the district court found that Michel was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2008) because he had one previous felony conviction for a crime of violence and one previous conviction for a controlled

---

[3] Michel decided to show the jurors the leg restraint device during his closing argument, but until that time there is no evidence that the jurors were aware that Michel was wearing the device.

substance offense.[4]  The offenses were grouped, and the combined adjusted offense level was 34, the same as that for a career offender.  Michel's criminal history category was VI.  Therefore, the applicable Guidelines range was 262-327 months.  Under USSG § 5G1.2(d), the sentences on all counts of conviction are to be run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.  The statutory maximum on each count was twenty years.  After considering the evidence, the district court granted a downward variance sentence of 240 months total, the statutory maximum on each count, to be served concurrently.  The court was satisfied that 240 months was reasonable in light of Michel's crime, violent nature, and risk of recidivism.

The district court followed the necessary procedural steps in sentencing Michel, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors.  The court gave detailed reasoning for its sentence.  The court's sentence may be presumed reasonable by this court.  Pauley, 511 F.3d at 473.  We conclude

---

[4] The controlled substance offense was a 1993 conviction in New Mexico state court for possession of marijuana with the intent to distribute.  Michel requested a below Guidelines sentence based in part on the age of the 1993 marijuana offense.

that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Michel's convictions and sentence. This court requires that counsel inform Michel, in writing, of the right to petition the Supreme Court of the United States for further review. If Michel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Michel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

11